Submitted August 5, application to take original jurisdiction
denied, August 6, 1958

STATE EX REL REEDER *v.* DANIELSON ET AL

328 P. 2d 868

Thomas J. Reeder, District Attorney, Medford, for the plaintiff.

PER CURIAM.

The plaintiff, State of Oregon, on the information of Thomas J. Reeder, district attorney for Jackson

County, has petitioned the court to take original jurisdiction of what is denominated an "original proceeding in nature of quo warranto." The purpose of the proceeding is to obtain a judicial determination as to whether Robert G. Danielson or E. Roy Bashaw was nominated for the office of district judge for Jackson County at the primary election held on May 16, 1958.

ORS 30.510 provides in part:

"An action at law may be maintained in the name of the state, upon the information of the district attorney, or upon the relation of a private party against the person offending, in the following cases:

"(1) When any person usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any franchise within this state, or any office in a corporation either public or private, created or formed by or under the authority of this state * * *."

The controversy disclosed by the complaint filed in this court does not concern the right to hold or exercise any public office or any franchise or any office in a corporation. The office of district judge for Jackson County at the present time is occupied by the Honorable James Main, and we are not advised that his right to hold that office is in dispute. The question presented is which of two candidates for public office received the nomination at the primary election under the nonpartisan judiciary law and is entitled to have his name go on the ballot as such nominee at the general election to be held in November of this year. This, therefore, is not a proceeding in the nature of quo warranto, and the original jurisdiction conferred upon this court by Art. VII, § 2, of the Constitution does not extend to such a controversy. See 74 CJS 190, Quo Warranto § 8; 29 CJS 176, Elections § 120.

The application of the plaintiff must be denied with the suggestion, however, that in the public interest an appropriate proceeding be immediately commenced.

Chief Justice PERRY took no part in the consideration or decision of this case.